3|4|2014
**ENTERED** OCT 3 0 2014

STATE OF MAINE

Sagadahoc, ss.

UNIFIED CRIMINAL DOCKET

Sag - AMH -03-04-14

THOMAS G. COFFILL, III

        Petitioner

v.

STATE OF MAINE

        Respondent

Docket No. SAGCD-CR-13-0250

---

STATE OF MAINE

v.

THOMAS G. COFFILL, III

        Defendant

Docket No. SAGSC-CR-12-045

## ORDER AND JUDGMENT

The post-conviction review proceeding captioned *Coffill v. State*, SAGCD-CR-13-0250,

brought under 15 M.R.S. §§ 2121 *et seq.,* came before the court for hearing March 3, 2014.

Petitioner Thomas Coffill and his counsel, James Lawley, Esq., and the State's attorney, Assistant

District Patricia Mador, participated. The sole witness was Petitioner's former counsel, Benjamin

Tucker. The hearing was recorded. All pleadings, transcripts, trial exhibits and other material

filed in both of the underlying criminal proceedings as well as this post-conviction proceeding were

admitted into the record.

Prior to the hearing, the Defendant made an oral motion to correct sentence under M.R.

Civ. P. 35 in his underlying criminal case, *State v. Coffill,* SAGSC-CR-13-045. The Rule 35

motion was prompted by uncertainty about whether the ground asserted in the post-conviction case—the State's failure to disclose materially exculpatory information during its sentencing presentation—is a cognizable basis for relief under the post-conviction statutes.[1]  To assure that his effort to raise the issue is not defeated on jurisdictional or similar technical grounds, the Defendant asserts Rule 35 as an alternate avenue for obtaining the relief he seeks.  The State agreed that the Defendant's oral Rule 35 motion could be treated as relating back to the date on which he filed his petition for post-conviction review, meaning that both the petition and the Rule 35 motion are timely.  Accordingly, the court now treats this proceeding as being one under both Rule 35 of the Maine Rules of Criminal Procedure and the post-conviction review statutes, 15 M.R.S. §§ 2121 *et seq.*  The case caption accordingly reflects the docket numbers for both the post-conviction case and the underlying criminal case.

Based on the entire record, the court hereby adopts the following findings of fact and conclusions of law, and renders judgment as set forth below.

## Background

In the underlying case, Thomas Coffill, III was charged with three misdemeanor criminal offenses and one felony offense—Assault on an Officer, Class C.  He pleaded guilty to the three lesser charges, and the felony charge went to trial before a jury on September 11-12, 2012.  The jury convicted Mr. Coffill of Assault on an Officer, and he was sentenced September 12.  At sentence, the State argued for a straight sentence, contending that the defendant was not a good candidate for a split sentence including probation.  Mr. Coffill argued for a split sentence.

---

[1] That uncertainty was noted in the Post-Conviction Assignment Order in this case dated September 20, 2013.

2

During its presentation at sentencing, the State presented information about an incident that had occurred in Lisbon just three days previously, on September 9, 2012. Just prior to the sentencing, the State provided the court with a copy of an affidavit recounting an encounter between Mr. Coffill and Officer Estes of the Lisbon Police Department. The affidavit appears to have been prepared for Officer Estes's signature but it is unsigned. However, another Lisbon officer, Detective Bernard McAllister, signed an affidavit attesting to the truth of the contents of the Estes affidavit to the best of his knowledge and belief. *See* State v. Coffill Sentencing Transcript ["Transcript"] at 19 (court's reference to the Estes affidavit and McAllister attestation).

During its sentencing argument, the State made reference to a witness statement regarding the September 9 incident but the court did not review the witness statement before pronouncing sentence. See Transcript at 13-14.

The State's argument at sentencing summarized the September 9 incident as follows: "The defendant was armed with a firearm, the defendant made a threat to put a bullet in the head of Officer Darren Estes [who coincidentally was also involved in the criminal trial], and he also threatened to go to Bath and put a bullet in each of the other officers' heads there." Transcript at 8.

In the course of determining the sentence, the court made reference to the September 9 incident as recounted in the Estes affidavit, but considered it only for purposes of step 3 of the *Hewey* analysis, which focuses on the suitability of suspending some or all of the period of incarceration. *See* 17-A M.R.S. § 1272-A. Specifically, the court incorporated the September 9 incident in Lisbon as follows into its analysis:

> His behavior in this case . . . reflects a significant hostility to members of law enforcement and a significant level of disregard for the court process beginning with his refusal to accept service of his protection order and ending with his kicking out the window of the police cruiser. [T]he threats that he made against, according to the

3

affidavit, against Officer Estes is simply more of the same. [H]e seems to have what is sometimes referred to as an attitude and not a good one regarding I will say the law enforcement community and perhaps the justice system generally which is highly relevant in my view to his amenability to probation as he is requesting." Transcript at 19-20.

The court then went on to clarify that it would consider the September 9 incident only for step 3 purposes, and not in its determination of the basic sentence or aggravating and mitigating factors at steps 1 and 2 of the *Hewey* analysis. *Id.* at 20.

In his petition for review and in his oral Rule 35 motion, Mr. Coffill alleges that he is entitled to post-conviction relief and relief under Rule 35 because the State at sentencing failed to apprise the court of what he labels as material exculpatory, or at least mitigating, information concerning the September 9 incident recounted in the Estes affidavit and in the State's sentencing argument. He does not accuse the prosecution of any actual misconduct or breach of ethics; rather he says that the State, considered as a whole, was aware of information that should have been presented at sentencing, and that the missing information was such as to render what the State did present at sentencing materially misleading and unfairly prejudicial.

Specifically, in a Description of Claim he filed in order to clarify the issues he was raising, Mr. Coffill points to two areas in which he says the State's presentation of the September 9, 2012 Lisbon incident was materially and prejudicially misleading:

- the firearm at issue on September 9 was unloaded and enclosed in a carrying case or bag when he made the threats against the officers, and

- there were no officers present when Mr. Coffill is alleged to have made threats to shoot Officer Estes and the Bath police officers

Thus, according to Mr. Coffill, because the gun was in a bag and not loaded and because there were no officers around when Mr. Coffill supposedly threatened to shoot the officers, it would have been literally impossible to carry out the threat to shoot the officers. This Order and Judgment therefore addresses whether the State's presentation at sentencing was

4

misleading in light of the omission of materially mitigating or exculpatory information, sufficient to justify awarding Mr. Coffill relief under either the post-conviction statutes or Rule 35, or under both.

## Analysis

Mr. Coffill is proceeding on two distinct legal theories—post-conviction relief and relief under Rule 35 of the Maine Rules of Civil Procedure involving two distinct standards of review. However, the ultimate question raised is the same in both instances: whether the State's presentation at sentencing as it related to the September 9 incident in Lisbon was sufficiently misleading or incomplete, in light of exculpatory information known to the Lisbon police at the time, to justify relief under either theory. For purposes of Rule 35, it would have to be shown "that the original sentence was influenced by a mistake of fact which existed at the time of sentencing," *see* M.R. Crim. P. 35(c)(2). Under the post-conviction statutes, assuming they even permit a challenge on this ground, Mr. Coffill presumably would have to show that the State's failure to disclose exculpatory circumstances regarding the Lisbon incident that were known to State representatives other than the prosecutor constituted a failure to disclose evidence, as required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

On either standard, Mr. Coffill has failed to show that his sentence should be corrected or set aside, mainly because he has not shown that the State's presentation at sentencing concerning the September 9 incident was misleading or incomplete in the respects on which his argument relies.

With regard to the firearm, the Estes affidavit that the court reviewed prior to imposing sentence says that "I found Thomas out of the main part of the house into the mud room area. He was holding a rifle *in a bag"* (emphasis added). With regard to whether the gun was loaded,

5

the report is silent, but it quotes both Mr. Coffill and the woman whom the officer first encountered on arrival as telling the officer that Mr. Coffill was "looking for bullets." It can readily be inferred, when someone holding a firearm says he is looking for bullets, that the firearm is not loaded. With regard to the threats attributed to Mr. Coffill, the Estes affidavit that the court reviewed quotes the woman as telling Officer Estes about threats by Mr. Coffill to shoot him and the Bath officers. The Estes affidavit does not assert that Mr. Coffill ever threatened the officer directly.

Nothing in the State's oral presentation went beyond what the report indicated. The State said that "the defendant was armed with a firearm" and that he threatened to shoot the officers. Moreover, even were there any discrepancy between the Estes affidavit and the State's characterization of the September 9 sentencing during argument, the court had read the Estes affidavit and could not have been misled by any contrary reference by the State's attorney.

As noted above, the State's attorney made reference during her argument to a witness statement concerning the September 9 incident. *See* Transcript at 13-14. The court did not review the statement prior to sentencing, but the statement is now in the record, *see* Plaintiff's Ex. 4, and it is consistent with the Estes report.

Moreover, information subsequently obtained regarding the September 9 incident tends to corroborate the validity of the information that the State presented at sentencing. For example, one of the Defendant's sons witnessed some of the September 9 incident and was interviewed at school on September 11 (coincidentally the first day of Defendant's trial) by a Department of Health and Human Services Worker. The DHHS worker's written summary of the interview was sent to the Lisbon Police much later, and was not in ADA Mador's possession at the time of the sentencing argument. *See* State's Ex. 1 (fax cover sheet); Plaintiff's Ex. 2 (copy of DHHS report).

6

Mr. Coffill's argument that the State's presentation was misleading because it failed to indicate that it would have been impossible, without any bullets, to carry out his threat misses the point. The relevance of the September 9 incident did not hinge on whether Mr. Coffill's gun was actually loaded or whether his threats against police officers were made in their presence. Instead, the court was focused on what the incident revealed about Mr. Coffill's attitude toward law enforcement as it related to his suitability for probation. In that light, it was irrelevant whether the officers were present to hear the threats or whether Mr. Coffill could have actually carried out the threat.

Mr. Coffill has not shown that the State's presentation at sentencing was such as to justify post-conviction relief or correction of sentence under Rule 35. The court considered the September 9 incident for a limited purpose, and nothing in the additional materials that the parties have presented, beyond the Estes affidavit on which the State relied in bringing the incident to the court's attention, indicates that the State's summary of the incident was materially misleading or incomplete. There was no *Brady* violation for purposes of post-conviction relief, and no showing of a mistake of fact for purposes of Rule 35.

## Conclusion

For the foregoing reasons, the court concludes that both the Rule 35 motion for correction of sentence and the petition for post-conviction relief should be denied.

IT IS ORDERED:

Petition for post-conviction review denied; judgment to be entered for the State.

Motion for correction of sentence under M.R. Crim. P. 35 is also denied.

Dated March 4, 2014

Justice, Superior Court

A. M. Horton

7